UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LYNDON CUMMINGS, ET AL.                                  CIVIL ACTION

VERSUS

STATE OF LOUISIANA, DEPARTMENT                           NO. 24-00956-BAJ-SDJ
OF CHILDREN AND FAMILY
SERVICES, ET AL.

RULING AND ORDER

Before the Court is a **Motion to Dismiss (Doc. 9)** filed by Defendants State of Louisiana, through the Department of Children and Family Services, Tanisha Christy, Latasha Tennart, and Jamie George. The Magistrate Judge issued a **Report And Recommendation (Doc. 18, the "Report")** recommending that the Court grant Defendants' Motion to Dismiss (Doc. 9) and dismiss Plaintiffs' claims, in part because Plaintiffs "have not responded to the Motion to Dismiss and the deadline for filing an opposition has long passed." (Doc. 18 at 1). While this alone is a sufficient basis for dismissal under Local Civil Rule 7(f), the Report further recommends dismissal of Plaintiffs' claims against Defendants DCFS, Christy, Tennart, and George because the Court either lacks subject matter jurisdiction, Plaintiffs have not properly effected service on one or more Defendants, or Plaintiffs fail to state a claim for which relief can be granted. (*Id.* at 8).

On January 27, 2026, Plaintiffs filed an objection to the Report. (Doc. 20). Plaintiffs object to the dismissal of their claims against Defendants on five grounds: (1) Plaintiffs' failure to oppose Defendants' Motion does not justify dismissal;

(2) the Report "improperly revolves disputed factual issues"; (3) qualified immunity cannot be applied in resolving a motion to dismiss; (4) dismissal for Plaintiffs' failure to serve one or more Defendants without an opportunity to cure is improper; and (5) any dismissal of Plaintiffs' claims based on lack of subject matter jurisdiction should be without prejudice. (*Id.*). Plaintiffs subsequently filed a motion for leave to file an amended complaint. (Doc. 21).

Plaintiffs seek leave to amend their complaint, in part, to "more precisely plead individual-capacity claims against state actors." (Doc. 21 at 2). Defendants named in their individual capacity, however, are almost certainly entitled to qualified immunity for at least some of the claims. (Doc. 18 at 13-15). *See Martin v. Dep't of Children & Family Servs.*, 500 F. Supp. 3d 527, 543 (E.D. La. 2020) ("The [United States Court of Appeals for the] Fifth Circuit has repeatedly held that child care workers are entitled to qualified immunity in the performance of discretionary, nonprosecutorial functions.") To hold Defendants Christy and Tennart personally liable, Plaintiffs must plead sufficient facts to plausibly allege that Defendants breached "clearly established statutory or constitutional rights of which a reasonable person would have known." (Doc. 18 at 14–15). *Darian v.* Cashe, 2017 WL 3326976, at *12 (M.D. La. July. 14, 2017).

In their Complaint, Plaintiffs allege Defendants violated their constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments by "depriv[ing] [P]laintiffs of the natural bonding process between parent and newborn child" and "other unreasonable, arbitrary and capricious injury and infringement on the right of

2

a family inherent in the birthing process of a newborn." (Doc. 1 at ¶ 35(c),(f)). However, as the Report notes, Plaintiffs did not allege sufficient facts to satisfy this threshold and are unlikely to do so in an amended complaint, in large part because the rights allegedly violated – which can be generally summarized as a substantive due process right to family integrity— are "too nebulous to find a clearly established violation." *Romero v. Brown*, 937 F.3d 514, 520 (5th Cir. 2019) (internal citations and quotations omitted); (Doc. 18 at 15).

Plaintiffs argue that the Report applies qualified immunity to these claims prematurely, but the case law Plaintiffs cite for this proposition indicates nothing of the sort. (Doc. 20 at 2). *See Kiser v. Garrett,* 67 F.3d 1166, 1173 (5th Cir. 1995). *Kiser*, in fact, explicitly held that "although a substantive due process right to family integrity has been recognized, the contours of that right are not well-defined, and continue to be nebulous, especially in the context of a state's taking temporary custody of a child during an investigation. . . ." *Id*. More recent Fifth Circuit precedent supports this conclusion. *See Romero v. Brown*, 937 F.3d 514 (5th Cir. 2019) (noting that clear violations of a substantive due process right to family integrity have been found only in cases involving a removal of children measured in months or years, but never for a removal lasting only a day). Here, Plaintiffs appear to allege Defendants removed their child for a period of only one day, which is almost certainly not enough to overcome qualified immunity with respect to the DCFS employees' alleged violation of Plaintiffs' substantive due process right to family integrity. (Doc. 1 at ¶¶ 21-24).

3

However, Plaintiffs' claims may also be cognizable as a violation of their procedural due process rights under the Fifth and Fourteenth Amendments, as well as a violation of the Fourth Amendment rights of their minor daughter from unreasonable seizure. (Doc. 1 at ¶ 35(a)). In *Romero*, the Fifth Circuit stated a bright line rule that seizure of a child without a court order or exigent circumstances is a violation of both procedural due process rights of the parents as well as the fourth amendment rights of the child, and held that this standard was clearly enough established to defeat qualified immunity for the individual child care workers in that case. 937 F.3d at 523. Here, contrary to Defendants' contention, it is *not* clear from Plaintiffs' Complaint whether a court order or exigent circumstances existed at the time of the alleged seizure of Plaintiffs' minor child at the hospital. (Doc. 9-1 at 15; Doc. 1 at ¶ 35). If DCFS employees did not have a court order or "reasonable cause to believe that the child is in imminent danger", then Plaintiffs may satisfy the pleading standard to defeat the 12(b)(6) motion to dismiss for their procedural due process and Fourth Amendment claims. *Gates v. Texas Dept. of Protective and Regulatory Services*, 537 F.3d 404, 429 (5th Cir. 2008).

Plaintiffs allege in their Complaint that Defendants "[s]eized possession of [their child] in the NICU without warrant, cause or reasonable suspicion that a crime had been committed in blatant disregard for the obvious fact that the child was in no danger," and that Plaintiffs, through their legal counsel, asked DCFS employees "to see the warrant or any paperwork from the judge" and that "[the DCFS employee] could not and did not provide it."(Doc. 1 at ¶¶ 35(a), 22). Plaintiffs also allege that a

4

"judge ruled that [DCFS] had no grounds for continued custody of [their child] and returned custody of [their child] back to her parents." (*Id.* at ¶ 24). Plaintiffs, however, also allude to an "instant oral order approved by Judge Gail Grover" that was allegedly issued in relation to the removal at some point. (*Id.* at ¶ 27). Again, it is not clear from the Complaint which court orders were issued and when such that this Court is able to determine that one existed at the time of the removal of the child. This is a critical fact needed to evaluate the sufficiency of Plaintiffs' claims. For their part, Plaintiffs have requested an opportunity to amend their Complaint to more specifically plead these claims. (Doc. 21).

Federal Rule of Civil Procedure 15(a)(2) requires the Court to "freely give leave [to amend] when justice so requires." The Court also has broad discretion to overlook the procedural deficiencies in this case, including Plaintiffs' failure to respond to Defendants' motion to dismiss and Plaintiffs' failure to properly effect service. *See Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship,* 507 U.S. 380, 388 (1993) (courts are permitted to accept late filings caused by inadvertence, mistake, or carelessness); *Lisson v. ING GROEP N.V.,* 262 F. App'x 567, 571 (5th Cir. 2007) (district courts often give *pro se* litigants leeway in correcting defects in service of process). Because this case is in its infancy, and because Plaintiffs have requested an opportunity to cure their complaint to address the substantive pleading deficiencies identified in the Report, the Court will provide Plaintiffs 21 days to amend their

5

Complaint to address the deficiencies discussed herein, if possible.[1]

Accordingly, the Court **DECLINES** to adopt the Magistrate Judge's Report and Recommendation at this time.

**IT IS ORDERED** that the Defendants' Motion to Dismiss (Doc. 9) is **DENIED** without prejudice to the right to reurge the motion in response to Plaintiffs' amended complaint.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. 21) is **GRANTED**.

---

[1] To state a claim for which relief can be granted under 28 U.S.C. § 1983 against individual DCFS employees, Plaintiffs must plausibly allege that Defendants breached "clearly established statutory or constitutional rights of which a reasonable person would have known." (Doc. 18 at 14–15). *Darian v. Cashe*, 2017 WL 3326976, at *12 (M.D. La. July. 14, 2017). As discussed *supra*, the substantive due process right to family integrity is likely insufficiently established to defeat qualified immunity for individual employees according to the facts alleged. However, procedural due process and Fourth Amendment rights regarding the seizure of a child are sufficiently established such that qualified immunity may not be applicable under certain circumstances. Plaintiffs are urged to clearly delineate these facts in their amended complaint. To state a claim for relief for failure to train or supervise against DCFS under 28 U.S.C. § 1983, Plaintiffs must plausibly allege specific facts, not mere conclusory statements, that (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiffs' rights; and (3) the failure to train or supervise amounts to deliberate indifference." (Doc. 18 at 15). *Abbott v. Town of Livingston*, No. 16-188, 2018 WL 1095557, at *4 (M.D. La. Feb. 27, 2018). This is a high bar that requires showing a pattern of similar occurrences. *Id.* To state a claim for intentional infliction of emotional distress against Defendants, Plaintiffs must plausibly allege facts that show (1) the conduct of the defendant was extreme and outrageous, (2) the emotional distress suffered by the plaintiff was severe, and (3) the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain. (Doc. 18 at 17). Similarly, to state a claim for negligent infliction of emotional distress against Defendants, Plaintiffs must plausibly allege "(1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) actual damages (the damages element)." (Doc. 18 at 18). *Covington v. Howard*, 49,135 (La.App. 2 Cir. 8/13/14), 146 So.3d 933, 937.

**IT IS FURTHER ORDERED** that Plaintiffs shall file their amended complaint and properly effect service within 21 days of the issuance of this order. Any unexcused failure to meet such deadline may result in dismissal of the above-captioned matter without further notice.

Baton Rouge, Louisiana, this 5th day of March, 2026

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**